**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDREW GUYTON,

          Plaintiff-Appellant,

v.

NOVO NORDISK A/S,

          Defendant-Appellee.

No.    16-55080

D.C. No.
2:15-cv-00009-MMM-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted August 8, 2017
Pasadena, California

Before:  REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

Guyton appeals the district court's grant of summary judgment to Novo

Nordisk in his diversity suit for employment discrimination and retaliation under

California's Fair Employment and Housing Act. His suit arises out of three adverse

employment actions: one denial of a promotion and two denials of transfers. We

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

affirm the district court's order because Guyton has failed to establish a triable issue of fact as to pretext on any of his claims.

Where, as here, the plaintiff makes out a prima facie case of discrimination and the employer offers a legitimate—nondiscriminatory and nonretaliatory—reason for the employment decision, the question at summary judgment is whether the plaintiff has presented sufficient facts to raise a triable issue of fact as to the employer's proffered reason being a mere pretext for discriminatory or retaliatory treatment. *Chuang v. Univ. of Cal. Bd. of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000).

A plaintiff can show pretext either directly or, as Guyton attempts to do here, indirectly, "by showing that the employer's proffered explanation is 'unworthy of credence' because it is internally inconsistent or otherwise not believable." *Id.* at 1127. Raising a triable issue of pretext using indirect evidence requires "'specific' and 'substantial' facts," but "[t]hat standard is 'tempered' by our observation that a plaintiff's burden to raise a triable issue of pretext is 'hardly an onerous one.'" *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011) (quoting *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007)). Guyton offers a variety of arguments for why there is a triable issue of fact as to pretext for each of the challenged employment actions. All of his arguments fail.

**1.** We first consider the promotion Guyton applied for and did not receive. Guyton argues that pretext could be found based on an alleged statement by a supervisor that she interfered with the promotion process. However, that statement does not tend to show that the employer's explanation—that Guyton did not receive the promotion because of concerns about his skills and the quality of his interview—is "unworthy of credence." *Chuang*, 225 F.3d at 1127.

**2.** We next turn to the first requested transfer, in December 2012. According to Novo Nordisk, the transfer request was denied because Guyton was subject to a disciplinary Action Plan at the time. Guyton acknowledges that the transfer request was denied because of the Action Plan, but argues that he was placed on the Action Plan for discriminatory or retaliatory reasons as evidenced by the fact that he was previously not disciplined for his past noncompliance with the same rules. He also points to a positive performance review several months earlier. Contrary to Guyton's claims, the implementation of the Action Plan was consistent with progressive discipline as Guyton's noncompliance continued and worsened, and thus Guyton's assertions do not raise a genuine issue of fact as to pretext.

Guyton also argues that the Action Plan was pretextual because other employees who violated policies were not disciplined. However, the only examples Guyton is able to identify involve either isolated incidents or violations of law or

formal company policy that may have actually helped the company. None involved repeated violations of the same policy notwithstanding counseling. Therefore, Guyton has failed to show that individuals who engaged in "similar conduct" and were similarly persistent in that conduct were treated differently. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). The alleged disparate discipline therefore does not raise a triable issue of fact as to pretext.

**3.** Finally, we consider the second requested transfer, in March 2013. According to Novo Nordisk, this transfer request was denied because Guyton was on or about to be placed on a disciplinary Performance Improvement Plan. Guyton argues that the explanation is pretextual because he was not on the plan until May 2013. However, while Guyton claimed that he requested the transfer in March 2013, he acknowledged that the discussion about the Plan that resulted in the denial of the transfer did not occur until May 2013, after Guyton's compliance with logging requirements again deteriorated. Therefore, any factual dispute about when the transfer was requested does not raise a triable issue of fact regarding the reasons for the subsequent denial of the transfer. Guyton also argues that the Plan was pretextual based on the evidence discussed above with respect to the Action Plan; those arguments fail for the same reasons.

Accordingly, Guyton failed to present sufficient evidence of pretext to raise a triable issue of fact as to any of the disputed employment actions.

**AFFIRMED.**